UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORRIS SALTER,

     Petitioner,

v.

     CASE NO. 2:07-CV-14082
     JUDGE ROBERT H. CLELAND
     MAGISTRATE JUDGE PAUL J. KOMIVES

KEN ROMANOWSKI,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

1.    Petitioner Norris Salter is a state prisoner, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.

2.    On September 12, 2005, following a jury trial, petitioner was convicted of possession of 50 grams or more, but less than 450 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(iii). Petitioner was sentenced as a third habitual offender to a term of 8-40 years' imprisonment.

3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, a single claim:

> THE EVIDENCE OF POSSESSION OF CONTROLLED SUBSTANCE 50 TO 449 GRAMS WAS INSUFFICIENT AND DEFENDANT'S CONVICTION DENIED HIM DUE PROCESS OF LAW SUCH THAT HIS CONVICTION MUST BE VACATED

The court of appeals found no merit to petitioner's claim, and affirmed his conviction and

sentence. *See People v. Salter*, No. 267477, 2007 WL 914525 (Mich. Ct. App. Mar. 27, 2007) (per curiam).

    4. Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Salter*, 479 Mich. 866, 735 N.W.2d 276 (2007).

    5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 19, 2007. As grounds for the writ of habeas corpus, he raises the sufficiency of the evidence claim he raised in the state courts.

    6. Respondent filed his answer on April 15, 2008. He contends that petitioner's claim is without merit.

    7. Petitioner filed a reply on June 24, 2008.

B. *Factual Background Underlying Petitioner's Conviction*

The facts underlying petitioner's conviction were summarized by the Michigan Court of Appeals:

> The police executed a search warrant at the home of Dorthea Bray. Bray was the target of the investigation; however, several persons, including Bray and defendant, were present in the home when the police arrived. In the master bedroom, the police found $200 on top of a dresser, and a handgun, bullets for the gun, and a digital scale inside the dresser. Cocaine was found in the master bedroom bathroom.
> Defendant waived the rights afforded to him pursuant to *Miranda v. Arizona*, 384 U.S. 436; 86 S. Ct 1602; 16 L. Ed 2d 694 (1966), and made a statement. An officer testified that defendant stated that he had been dating Bray for many years, that he stayed at her home frequently, and that he was unemployed and lived on the money Bray made selling drugs. Defendant admitted that he knew that the cocaine and the gun were in the home, that he traveled with Bray to Detroit to purchase cocaine, and he acted as a lookout when she sold cocaine.
> Defendant testified that he had been disabled since childhood, and as a result was unemployed. He acknowledged that he frequently spent time at Bray's home, and that he kept some clothes at the home. Defendant admitted that he had seen cocaine and a weapon in Bray's home, but denied they belonged to him or that he participated in cocaine sales with Bray.

*Salter*, 2007 WL 914525, at *1, slip op. at 1.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must

3

have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Analysis*

As his sole ground for habeas relief, petitioner contends that the prosecution presented insufficient evidence to establish beyond a reasonable doubt his guilt of possession of a

controlled substance. The Court should conclude petitioner is not entitled to habeas relief on this claim.

   1. *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The reviewing court must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).

However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub. nom. Gomez v. DeTalla*, 522 U.S. 801 (1998); *Restrepo v. DiPaola*, 1 F. Supp. 2d 102, 106 (D. Mass. 1998).

   2. *Elements of Possession of a Controlled Substance*

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case."

*Patterson v. New York*, 432 U.S. 197, 211 n. 12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n. 16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, "[a] federal court must look to state law to determine the elements of the crime."  *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2nd Cir. 1999).  Accordingly, it is necessary to examine the elements of possession of a controlled substance under Michigan law.

Michigan law provides "[a] person shall not knowingly or intentionally possess a controlled substance." MICH. COMP. LAWS § 333.7403(1).  The offense of possession of a controlled substance requires a showing of dominion or control over the controlled substance with knowledge of its presence and character.  *See People v. McKinney*, 258 Mich. App 157, 165, 670 N.W.2d 254 (Mich. Ct. App. 2003).  Possession may be either actual or constructive and may be joint or exclusive.  *See id.* at 166, 670 N.W.2d at 260.  Furthermore, possession may be proven by reasonable inferences drawn from circumstantial evidence.  *See People v. Nunez*, 242 Mich. App. 610, 615, 619 N.W.2d 550, 553 (Mich. Ct. App. 2000).  The defendant's mere presence where the controlled substance was found is not sufficient to establish possession; rather, an additional connection between the defendant and the controlled substance must be established.  *See People v. Wolfe*, 440 Mich. 508, 520, 489 N.W.2d 748, 753-54 (Mich. 1992). Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance.  *See id.* at 521, 489 N.W.2d at 754.

3.  *Sufficiency of the Evidence*

Petitioner argues that the prosecution presented insufficient evidence to show that he had any dominion or control over the controlled substance.  The Michigan Court of Appeals rejected petitioner's claim, reasoning:

> The evidence showed that cocaine was found in the master bedroom bathroom, that money, scales, and a handgun were found in the master bedroom, and that the defendant shared the master bedroom with Bray when he stayed at the home.  Male clothing was found in the master bedroom. An officer stated that defendant said that he knew Bray sold cocaine, and that he accompanied Bray when she sold cocaine . . .

> The totality of the evidence, as accepted by the jury, established that cocaine was present in an area of the home that was under defendant's shared control, that defendant knew cocaine was present in that area, and the defendant assisted Bray by acting as a lookout when she sold cocaine. The totality of the circumstances established by direct and circumstantial evidence established a sufficient nexus between defendant and the cocaine . . . The evidence was sufficient to support the defendant's conviction.

*Salter*, 2007 WL 914525, at *1, slip op. at 2. The Court should conclude that this determination was reasonable, and thus that petitioner is not entitled to habeas relief.

Petitioner argues that there was insufficient evidence to establish that he was in possession of the cocaine found in Bray's bedroom. Specifically, he argues there was not a sufficient nexus between him and the cocaine and that his mere proximity to the drugs was insufficient to establish the element of possession. However, the totality of the circumstances could justify a finding that the petitioner had constructive possession of the controlled substance.

The case at bar is analogous to *People v. Rhimes*, No. 248955, 2004 WL 2314973 (Mich. App. Oct 14, 2004). In *Rhimes*, the Michigan Court of Appeals rejected the defendant's argument that the prosecution presented insufficient evidence to support his conviction for possession of a controlled substance. In *Rhimes*, the police executed a search warrant in an apartment and found cash, digital scales, cocaine, marijuana, a .45 caliber pistol, male clothing, and application forms filled out by defendant. *See id.* at * 1. While the defendant was not listed on the lease and claimed he did not reside at the apartment, the court held that the circumstantial evidence was sufficient to justify a jury in concluding that the defendant had constructive possession of the controlled substance and that the totality of the circumstances indicated a sufficient nexus between the defendant and the controlled substances. *See id.* at * 1-2. The totality of the circumstances included the defendant's frequent presence in the apartment and the male clothing found in the same bedroom as the controlled substance. *See id.* at * 2.

Similar to *Rhimes*, in the case at bar a jury could conclude that the totality of the

circumstances indicated a sufficient nexus between petitioner and the controlled substance. That is, the evidence showed that cocaine was found in the master bedroom bathroom, that cash, scales, and a handgun were found in the master bedroom, that petitioner spent a substantial amount of time at Bray's home and shared the master bedroom with Bray when he stayed at the home. Furthermore, petitioner knew cocaine was present in the residence and even assisted Bray by acting as a lookout when she sold cocaine. While petitioner offered evidence to disregard testimony regarding his proximity to the drugs and conduct during the execution of the warrant, his contentions address credibility and are not for this Court to weigh. *See People v. Heikkinen,* 250 Mich. App 322, 327, 646 N.W.2d 190 (Mich. Ct. App. 2002). In short, the evidence was sufficient, if believed, to establish that the there was a sufficient nexus between the petitioner and the controlled substance. Therefore, under the deferential standard of review applicable here, the Michigan Court of Appeals's conclusion was reasonable. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United*

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:3/23/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 23, 2009.
>
> s/Eddrey Butts  
> Case Manager

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:3/23/09

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 23, 2009.

s/Eddrey Butts  
Case Manager