**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NORRIS SALTER

      Petitioner,

v.                              Case No. 07-CV-14082

KEN ROMANOWSKI,

      Respondent.
                             /

**OPINION AND ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court is Petitioner Norris Salter's petition for a writ of habeas corpus, filed on September 27, 2007. For the reasons stated below, the court will overrule Petitioner's objections, adopt Magistrate Judge Paul Komives's report and recommendation ("R&R"), deny Petitioner's petition for a writ of habeas corpus, and decline to issue a certificate of appealability.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus on September 27, 2007.[1] The court referred the matter to Magistrate Judge Komives, who issued a R&R on March 23, 2009, recommending that the court should deny Petitioner's application for a writ of habeas corpus. Specifically, the magistrate judge found that, contrary to Petitioner's allegation, the Michigan Court of Appeals reasonably concluded

---

[1] Petitioner was convicted by a jury on September 12, 2005, of possessing more than 50 grams but less than 450 grams of cocaine, pursuant to Mich. Comp. Laws § 333.7403(2)(a)(iii).

that there was sufficient evidence of a nexus between Petitioner and the controlled substance for a jury to have convicted him of his drug offense.  (R&R at 8.)  Petitioner filed timely objections addressing this single issue.

## II.  STANDARD

### A.  Review of Reports and Recommendations

Objections to a magistrate judge's R&R are timely if Petitioner files the objections within ten days of service of a copy of the R&R.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  If objections are not filed within the ten day period, a party waives any further right to appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An  "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate judge's report in order to preserve the right to

appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

### III.  DISCUSSION

Petitioner timely filed six objections, which the court will address in turn.

### A.  Objection 1

Petitioner first states that he "formally objects to the [R&R]" and asks the court to reject the magistrate judge's recommendation.  (Pet'r Objs. at 2.)  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution is not an "objection" as that term is used in this context.

### B.  Objection 2

Petitioner next objects that, contrary to the R&R, he is now housed in the G. Robert Cotton Correctional Facility in Jackson, Michigan.  (*Id.*)  Petitioner's location is not "at the heart of the parties' dispute," *Thomas*, 474 U.S. at 147, and is thus not an appropriate matter for an objection.

### C.  Objection 3

Petitioner's third objection is based on the R&R's factual summary, quoted from the Michigan Court of Appeals.  The Michigan Court of Appeals stated that "[Petitioner] waived the rights afforded to him . . . and made a statement."  (R&R at 2, quoting *State*

3

*of Michigan v. Salter*, No. 267477, 2007 WL 914525, *1 (Mich. Ct. App. Mar. 27, 2007)). Petitioner argues that because "the officer . . . state[d] that the interrogation was videotaped, but no audio tape was made . . . [t]he court should find [the officer's recollection of Petitioner's statement] to be extremely incredulous [sic]." (Pet'r Objs. at 3.) Petitioner's objection offers no evidence that the officer's recollection was incorrect, but only argues – in conclusive fashion – that because there is no audiotape of Petitioner's confession, the officer must have fabricated Petitioner's statement. Merely saying it does not make it so. Without more, the court cannot conclude that there is any error for the court to correct.

### D.  Objection 4

Petitioner objects to the magistrate judge's recitation of the legal standard for analyzing habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (*Id.* at 3-4.) He argues that the ADEPA contains a "bifurcated standard; an 'either' 'or' process," and the magistrate judge erred by "relegat[ing] his review to only one standard. (*Id.* at 3.) The magistrate judge correctly noted the bifurcated nature of the ADEPA analysis and proceeded to analyze Petitioner's claim largely under the "unreasonable application" prong. (R&R at 3-5.) Petitioner points to no legal authority requiring the magistrate judge to apply *both* prongs of the test contained in the ADEPA, nor is the court aware of precedent requiring one standard to be chosen over the other. Petitioner's objection is without merit.

### E.  Objection 5

In Petitioner's fifth objection, he argues that the magistrate judge should have considered "at least one other question," which Petitioner contends is supported by "the

case law cited within his Brief on Appeal." (Pet'r Objs. at 4.)  An objection that merely restates arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  As such, and because the court perceives no error in the magistrate judge's analysis, Petitioner's objection is overruled.

### F.  Objection 6

Finally, Petitioner objects that the "totality of the circumstances" test, as applied by the trial court and analyzed by the magistrate judge, was composed only of the "testimony of the interrogating officer," and was insufficient to link Petitioner to the drugs upon which his conviction was based.  (*Id.* at 4-5.)  Petitioner provides a list of evidence he argues disrupts any alleged nexus between him and the drugs.  (*Id.*)  But the magistrate judge noted that – far from merely relying on the officer's testimony – there was evidence of money, scales, drugs, and a gun in the master bedroom, along with male clothing.[2]  The magistrate judge noted that Petitioner disputed this evidence at trial but that this dispute merely "address[es] the credibility [of witnesses] and [is] not for this court to weigh."  (R&R at 8.)  The court agrees.  *Herrera*, 506 U.S. at 401.  There was more than sufficient evidence presented at trial for a jury to conclude that the totality of the circumstances indicated a sufficient nexus between Petitioner and the controlled substance.  His final objection is overruled.

---

[2] At trial, the evidence demonstrated that Petitioner lived, at least at times, in the house searched with the house's female owner and spent time in the master bedroom.  (R&R at 6-7.)  Petitioner does not dispute those contentions in his current objections.  Nor would an objection in that vein be particularly useful, as the court does not engage in reweighing the credibility of witnesses evaluated by a jury at trial.  *See Herrera v. Collins*, 506 U.S. 390, 401 (1993).

### G.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).  In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the court concludes that reasonable jurists would not debate the court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted.  Therefore, the court will deny a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objections [Dkt. # 15] are OVERRULED, and the magistrate judge's March 23, 2009 report and recommendation [Dkt. # 14] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. #1] is DENIED.

Finally, IT IS ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2009, by electronic and/or ordinary mail.

    s/Lisa G. Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522